Deborah ANDERSON, et al., Plaintiffs,

v.

ROCHESTER–GENESEE REGIONAL TRANSPORTATION AUTHORITY, et al., Defendants.

No. 00–CV–6275L.

United States District Court, W.D. New York.

Aug. 9, 2004.

Bryan D. Hetherington, Public Interest Law of Rochester, David L. Cook, Nixon Peabody LLP, Peter O'Brian Dellinger, Sarah J. Gilmour, Public Interest Law Office of Rochester, Rochester, NY, for Plaintiffs.

Paul J. Yesawich, III, Scott D. Piper, Harris Beach LLP, Pittsford, NY, for Defendants.

### DECISION AND ORDER

LARIMER, District Judge.

Plaintiffs brought this action [1] under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging that defendants Rochester–Genesee Regional Transportation Authority and Lift Line, Inc. (collectively "the company") violated the ADA in a number of respects in connection with defendants' provision of paratransit service for disabled persons. On August 14, 2001, this Court issued a Decision and Order granting summary judgment in favor of plaintiffs on three of their four claims (plaintiffs did not move for summary judgment on their second claim for relief), and enjoining defendants "to take immediate steps to comply with their obligations under the ADA and federal regulations implementing that Act ...." *Anderson v. Rochester–Genesee Regional Transp. Auth.,* 206 F.R.D. 56, 71 (W.D.N.Y.2001).

On April 26, 2002, the Court issued a second Decision and Order to supplement and implement its August 14, 2001 order. *Anderson v. Rochester–Genesee Regional Transp. Auth.,* 205 F.Supp.2d 106 (W.D.N.Y.2002). The April 26 order directed defendants to take certain specific actions in order to comply with the ADA.

On July 23, 2003, the Court of Appeals for the Second Circuit issued a decision affirming this Court's grant of summary judgment on plaintiffs' first and third claims, alleging violations of 49 C.F.R. §§ 37.131(b) and (f) respectively, and reversing as to plaintiffs' fourth claim, for violation of 42 U.S.C. § 12143(e)(4). The Court of Appeals also "remand[ed] for proceedings on the latter claim, [and] for any reframing of the injunction that may be justified by [the Second Circuit's] opinion or circumstances that have developed during the pendency of the appeal ...." *Anderson v. Rochester–Genesee Regional*

---

1. The pertinent facts of this case are set out in the Second Circuit's decision at 337 F.3d 201, and in this Court's decisions entered on August 14, 2001 (206 F.R.D. 56), and on April 26, 2002 (205 F.Supp.2d 106). Familiarity with those decisions, and with all prior proceedings in this case, is assumed.

*Transp. Auth.*, 337 F.3d 201, 217 (2d Cir. 2003).

Following remand, counsel for the parties met with each other and with the Court to discuss how best to implement the Second Circuit's decision. Thereafter, plaintiffs advised the Court by letter dated May 4, 2004, that they did not intend to pursue either the second claim or the fourth claim.

The parties have also submitted written proposals containing their suggestions for modification of the Court's injunction. Having considered the matter, and in order to implement the Court of Appeals' decision, I direct and order that numbered paragraph (1) on page four of the Court's April 26, 2002 Decision and Order, is hereby modified to read:

1. The company must design, fund and implement a plan to meet 100% of the demand for next-day ride service, consistent with both the terms of the Court of Appeals for the Second Circuit's July 23, 2003 Decision and the requirements of 49 C.F.R. (Subpart F), § 37.121, *et. seq.* "Next-day ride service" shall mean paratransit service requested by an ADA paratransit-eligible individual (as defined by 49 C.F.R. [Subpart F], § 37.123 of the Regulations), up to the closing time of the reservation office the day before the day on which the ride is requested. Service provided shall be within one hour before or after the time for which the ride is requested, as required by 49 C.F.R. § 37.131(b)(2). If a pattern of noncompliance develops, or if it appears that ride denials are attributable to the design of the company's paratransit system, the company must modify the plan, and implement whatever corrective changes are necessary to achieve the goal of reaching the 100% service level.

## CONCLUSION

The Court's April 26, 2002 Decision and Order granting injunctive relief is hereby modified as stated in the body of this Decision and Order.

The second and fourth claims in the present complaint are hereby dismissed with prejudice. Presumably, allegations about future failures of the company to provide paratransit service would require a new complaint.

IT IS SO ORDERED.